*In re* SWART'S ESTATE.

APPEAL OF DONNELLY.

1. JUDGMENT—APPROVAL OF ACCOUNT BY PROBATE COURT—FRAUD.

An order by the probate court approving the account of a
fiduciary is final, in the absence of fraud or concealment by
the fiduciary (CL 1948, § 704.39).

2. COURTS—PROBATE COURT—CONSTRUCTION OF ORDERS.

An order of probate court, placed on sixth account submitted
by cotrustees, must be construed in the light of the situation
before the court and with reference to contemporaneous or-
ders relating to the subject matter, especially a supplemental
account and petition for order directing payment as prayed
in the sixth account.

3. TRUSTS—PROFITS—PRINCIPAL—INCOME.

Order of probate court crediting profits, received by a testa-
mentary trust fund as the result of the sale or maturity of
securities therein, to principal rather than income, made in
accordance with prayer of surviving cotrustee's supplemental
account *held*, proper.

Appeal from Wayne; Murphy (George B.), J.
Submitted January 9, 1952. (Docket No. 19, Cal-
endar No. 45,204.) Decided March 6, 1952.

In the matter of the estate of William C. Swart,
deceased. Petition for direction of payment made
by administrator of estate of William F. Earle, de-
ceased. Petition dismissed. Petitioner appealed to
circuit court which entered order affirming probate
court. Petitioner appeals. Affirmed.

*Eugene G. Donohoe (Joseph Sanders,* of counsel),
for appellant.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 54 Am Jur, Trusts § 511.

*Dickinson, Wright, Davis, McKean & Cudlip* (*Robert E. McKean,* of counsel), for defendant estate. ·

CARR, J.   This case involves the interpretation and effect of an order made by the probate court of Wayne county in the course of proceedings for the administration of the estate of William C. Swart, deceased.   The last will and testament of the decedent created a trust to be administered by trustees in accordance with the directions given.   Paragraph 6 of the will provided specifically that in case the net income of the trust exceeded in any given year the aggregate of the amounts directed to be distributed among named beneficiaries, the distribution to William F. Earle, one of said beneficiaries, should be increased, authority being given, however, to maintain such reserves as the trustees in their discretion might deem advisable.

From time to time the trustees under the will rendered accounts to the court.   It appears that prior to January 1, 1946, 5 such accounts were submitted and approved.   At the beginning of the year mentioned the trustees were William F. Earle and Paul T. Bollinger.   In the performance of their duties they prepared and filed their so-called sixth account, covering the period from May 10, 1944, to and including December 31, 1945.   Included therein were statements of financial transactions involving cash receipts, the payment of administration expenses, distributions under the will, and investments.   The account also included a condensed statement of assets, an inventory as of December 31, 1945, and a profit and loss computation.   The trustees further indicated that in their opinion a reserve of undistributed income in the sum of $5,000 would be adequate for the purposes of the trust, and their belief that a payment in the sum of $22,766.35 should be made to William F. Earle out of undistributed in-

come,. pursuant to paragraph 6 of the will. Allowance of the account was requested with approval of the transactions of the trustees, and the court also was asked to "authorize, approve and allow" the payment to Mr. Earle of the sum mentioned.

Shortly after the filing of the sixth account, and prior to action thereon by the court, Mr. Earle died. Thereafter the cotrustee, Mr. Bollinger, prepared and filed a supplement to the sixth account, directing attention to the fact that in said account he and Mr. Earle had treated profits on securities in the trust that had been sold or had matured as income, and that the sum indicated as available for distribution to Mr. Earle was determined accordingly. The supplement further set forth that in the first 4 accounts filed by the trustees profits of the character in question were allocated to principal, and alleged in substance that such practice was correct and should have been followed in the fifth and sixth accounts. It was further indicated that the purpose in filing the supplement was to call the attention of the court to the necessity for making adjustments. The court was asked to determine that there was in fact no excess income available for payment to William F. Earle, and that his estate was entitled to the sum of $829.18 by way of distribution of principal and the further sum of $400 as Mr. Earle's proportionate part of the annual income directed by the will to be paid designated beneficiaries.

In the sixth account and also in the supplement thereto the appointment of a *guardian ad litem* for the protection of the rights of all persons who were or might be interested in the matter, and unable to act in their own behalf, was requested. This was done, and the guardian so appointed, having duly qualified, submitted his recommendations and report to the court in accordance with the original account as modified by the supplement. As bearing on the

rights and interests of various parties concerned in the administration of the estate, it may be noted that the will provided that 15 years from the date of the death of the testator the corpus of the trust should pass to William F. Earle, if living, or to his lawful issue surviving at that time. Mr. Earle died within the 15-year period, and it is claimed that he left no issue. Under the terms of the will the corpus of the trust estate and all accumulations are payable to other beneficiaries, specific provision being made for descendants of certain deceased relatives who are to take by right of representation.

The hearing on the sixth account and the supplement thereto was held on the 1st of May, 1946. At that time the probate judge acting in the matter, the Honorable Thomas C. Murphy, indorsed on the sixth account the following: "Account examined and allowed as stated, investments and petition to charge off certain assets as worthless approved." At that time, or at least under the same date, the probate judge indorsed the following statements on the supplemental petition:

"Account examined and allowed as stated and the court determines that the sum of $22,766.35 is part of the principal rather than of the income and balance due late cotrustee ordered paid to his personal representative."

"Account examined and allowed as stated.

"It is further ordered that the sum of $400 representing the proportionate part of the annual income of $4,800 provided for the benefit of the late William F. Earle to the date of his death in accordance with the provisions of the fifth paragraph of said will and the sum of $829.18 representing a further distribution of principal due the late William F. Earle be turned over to the fiduciary of his estate when appointed and qualified."

The indorsements on the original account and the supplement were dated and signed. There was also entered on the 1st of May, 1946, an order covering in some detail the specific items referred to in the original account and the supplement. This order indicated that the hearing was on the allowance of the sixth account of the trustees as supplemented by the account filed by the surviving cotrustee. It thus appears that the probate court considered the original petition and the supplement together, and that the order entered was based on both. Such order recited a finding that the sixth account "as supplemented by the adjustments in trust estate (principal), undistributed income and principal distribution due William F. Earle accounts, as set forth in said supplement to the sixth account," was correct and should be allowed. It was further stated that the account as supplemented, and the supplement, were allowed.

Following the action above detailed, it does not appear that any claim was made on behalf of the estate of William F. Earle until on or about September 30, 1948. At that time the administrator with the will annexed of the Earle estate filed his petition in the probate court asserting that on the 1st of May, 1946, said court had allowed the sixth account of the trustees under the will of William C. Swart, and that by virtue of such action the petitioner, as administrator, was entitled to receive from the surviving cotrustee the sum of $22,766.35. Following a hearing on the petition the probate judge entered an order of dismissal. Thereupon the administrator appealed to the circuit court, asserting that the indorsement above referred to by the judge of probate on the sixth account was in legal effect an order authorizing and requiring the payment of $22,766.35 to the estate of Mr. Earle, that no appeal therefrom had been taken within the time permitted by law,

and that such alleged order was not affected by the indorsement on the supplement to the account or by the detailed order entered on the same date by the probate judge. The circuit judge hearing the matter determined the issue adversely to the administrator's position, and entered an order affirming the action of the probate court in dismissing the petition to require payment. From such order the administrator has taken an appeal to this Court.

In support of his position appellant relies on the following provision found in chapter 4, § 39, of the probate code of 1939 (PA 1939, No 288)*:

"The order of the probate court allowing any account of a fiduciary shall, subject to the right of appeal, and except in case of fraudulent concealment or fraudulent misrepresentation on the part of the fiduciary be final and conclusive against all persons in any way interested therein who are legally competent at the date of such order and against all other persons who are or may become interested therein although unborn, unascertained or legally incompetent to act in their own behalf if their general guardian or *guardian ad litem* has, after having been duly appointed, assented to such account or has been heard thereon, or given notice of hearing thereon, as provided in this act."

This Court has repeatedly held that in the absence of fraud or concealment an order by the probate court approving the account of a fiduciary is final. *Thaw* v. *Detroit Trust Co.,* 307 Mich 6; *In re Watson's Estate,* 317 Mich 504; *In re Peck's Estate,* 323 Mich 11. In the case at bar, however, the question at issue is whether under the circumstances involved the indorsement by the judge of probate on the sixth account may be construed as an order authorizing

* See CL 1948, § 704.39 (Stat Ann 1949 Cum Supp § 27.3178 [290]). Amendment to the statute by PA 1947, No 239, did not change the language quoted.

and requiring the payment to the estate of Mr. Earle of the sum recommended by the cotrustees. It is appellant's position that it must be so construed, without reference to the indorsement on the supplemental petition or to the detailed order entered. If such claim is correct, the conclusion necessarily follows that the probate court approved the original account in its entirety and at the same time approved, likewise in its entirety, an inconsistent supplement. Such an inference is not permissible. The probate judge had before him, and considered, the original account, and also the supplemental account submitted by the surviving cotrustee. The provisions of the detailed order clearly indicate that such was the situation. Likewise, the report of the *guardian ad litem* discloses that in his investigation of the situation he considered the account and the supplement together.

As above pointed out, the sixth account as originally filed set forth a somewhat detailed showing as to the financial transactions affecting the trust estate. The reference to the payment to Mr. Earle was in the form of a statement of belief, followed by a request that the court authorize the payment. Obviously the trustees were not seeking approval of any act that they had done, but were asking that the court direct future action. We think the indorsement on the account, on which appellant relies, may be construed as expressing approval of the actions of the trustees as set forth in the account, but without a grant of the requested authority to make the payment in question to the estate of Mr. Earle. The latter question was covered by the indorsement on the supplement to the account in such manner as to clearly indicate that the probate judge, after considering the matter, had concluded that profits received by the trust fund as the result of the sale or maturity of securities therein should be credited

to principal and that, in consequence, the amount of excess income in the possession of the surviving co-trustee was not sufficient to permit the payment of $22,766.35 to the Earle estate. Based on such conclusion specific provision was made in the detailed order, entered on the same day, directing the payment to said estate of the sum of $400 out of income, as provided by the will, and the further sum of $829.18 representing the amount due from distribution of principal.

The statement or indorsement placed by the probate judge on the account submitted by the co-trustees may not be given the force and effect for which appellant contends. It must be construed in the light of the situation before the court, and with reference to the contemporaneous orders relating to the subject matter. It may not be assumed that there was any intention to enter contradictory or inconsistent orders, nor does the language used require such conclusion.

The action of the probate court in dismissing the petition for an order directing the payment of the amount in question was correct; and the judgment of the circuit court sustaining such action is affirmed. Appellee may have costs.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.